**E-FILED**
Tuesday, 22 February, 2005  03:58:44 PM
Clerk, U.S. District Court, ILCD

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

Bentral _____ District of _____ Illinois _____

Burnell Dixon, II
_____ Plaintiff

V.

American Group, Inc.

_____ Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**FILED**

FEB 2 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

CASE NUMBER:

I, _____ Burnell Dixon II _____ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant            ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?        ☐ Yes        ☑ No        (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2.  Are you currently employed?        ☑ Yes        ☐ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.
    Amount. 673. every two weeks          Champaign Urbana Area Project
    This Amount reflects NO Federal income tax withheld.          303 W Hill, Suite 300
                                                                  Champaign, Il. 61820
    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment        ☑ Yes        ☐ No
    b.  Rent payments, interest or dividends                  ☐ Yes        ☐ No
    c.  Pensions, annuities or life insurance payments        ☐ Yes        ☐ No
    d.  Disability or workers compensation payments           ☐ Yes        ☐ No
    e.  Gifts or inheritances                                 ☐ Yes        ☐ No
    f.  Any other sources                                     ☑ Yes        ☐ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

A) 150.00 - Miscellaneous income from income tax preparation
   for friens

B.) Federal Tax refund - Approx. 300. - 2004 (year)
    Federal Tax refund Approx. 407 2005 (year)

4. Do you have any cash or checking or savings accounts?    ☑ Yes    ☐ No

If "Yes," state the total amount. _____ 50

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?    ☑ Yes    ☐ No

If "Yes," describe the property and state its value.

computer - 200.00

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

(Self)

I declare under penalty of perjury that the above information is true and correct.

2/22/05
Date

Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.



RECEIVED

FEB 2 2 2005

JOHM M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DISTRICT**

|  |  |  |
|---|---|---|
| BURNELL DIXON II, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 05 CV  2049 |
| | ) | |
| AMERICALL GROUP, INC | ) | |
| (An Illinois corporation), | ) | EQUITABLE RELIEF |
| Defendant | ) | SOUGHT |
| | ) | |

## CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL

COUNT 1

   NOW COMES THE PLAINTIFF, BURNELL DIXON II (hereinafter referred to as

"PLAINTIFF")and brings this action under  Title VII  of the Civil Rights Act of

1964, as amended, 42 U.S.C. sec.2000e -2000e-17 and the Age Discrimination Act

of 1967, as amended , 29 U.S.C. sec. 621 -634.


1.  Within 300 days of the unlawful employment practices hereinafter set forth,

PLAINTIFF filed a charge of  race, sex and age discrimination with the United States

Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") against

DEFENDANT AMERICALL GROUP, INC.(hereinafter referred to as

"DEFENDANT") satisfying the requirements of 42 USC sec 2000e-5, and on November

30, 2004, less than 90 days prior to the filing of this Complaint, the EEOC issued to

PLAINTIFF a Notice of a Right to Sue with respect to PLAINTIFF'S charges as set forth below. (See Exhibit A)

2. PLAINTIF is a 49 year old Black Male who all relevant times and is currently a citizen of the United States, and a resident of Urbana, Illinois. PLAINTIFF had been employed by DEFENDANT at their Champaign offices, which a that time were located at 115 N. Neil, Champaign, Illinois from September of 2002 to May of 2003.

3. DEFENDANT AMERICALL GROUP, INC. is an Illinois corporation licensed to do business in the State of Illinois with offices located at 103 Country Fair Drive, Champaign Illinois, having moved from 115 N. Neil, Champaign in approximately May of 2003. DEFENDANT is an "employee" under the meaning of TITLE VII of the Civil Rights Act, as amended, and DEFENDANT has had more than 50 employees at all relevant times.

4. In September of 2002, PLAINTIFF was hired by Defendant as a Telemarketing Representative.

5. In November of 2002, PLAINTIFF was promoted to Acting Manager for the day shift.

6. In February of 2003, PLAINTIFF was assigned to attend a training class for a permanent Manager position.

2

7. PLAINTIFF successfully completed said training class with a perfect test score and completed a 30 day probation period after the training class without incident.

8. On or about April 17.2004, PLAINTIFF was demoted back to a telemarketing representative, and Plaintiff had to work along side the same employees he supervised, causing PLAINTIFF humiliation and angst; while at least two non black Acting Managers under 40 years of age who were in the training class were not demoted.

9. DEFENDANT would not explain or talk to PLAINTIFF about his demotion or the reasons for such.

10. PLAINTIFF was constructively discharged in May of 2003 and filed a charge with the EEOC.

11. DEFENDANT intentionally discriminated against PLAINTIFF because of PLAINTIFF'S race, sex and age by treating PLAINTIFF disparately form the other Acting Managers because of PLAINTIFF'S race , sex, and age and failing to take affirmative action to correct their unlawful employment practices.

WHEREFORE, PLAINTIFF PRAYS:

A) For back pay, reinstatement, monetary damages and other equitable relief in which this court may deem necessary or appropriate.

3

B) For a trial by jury.

## COUNT 2

PLAINTIFF herby incorporates and re-alleges paragraph 1-11 of COUNT 1 of this complaint as paragraphs 1-11 of this COUNT 2 of this complaint.

12. PLAINIFFF was further discriminated against by DEFENDANT by not being adequately compensated for his accumulated sick pay ,vacation pay and personal days due to PLAINTIFF upon PLANTIFF'S constructive discharge from employment with DEFENDANT in May of 2003.

WHEREFORE, PLAINTIFF PRAYS:

A) For back pay, re-instatement, monetary damages and other equitable relief in which this court may deem necessary or appropriate.

B) For a trial by jury.

## COUNT 3

PLAINTIFF herby incorporates and re-alleges paragraph 1-11 of COUNT 1 of this complaint as paragraphs 1-11 of this COUNT 3 of this complaint.

12. PLAINTIFF was further discriminated against by Defendant by not being adequately compensated for his CHASE bonus pay by Defendant changing the

Ӌ

bonus pay plan in the middle of the pay period in violation of state law, and

unlawfully withholding PLAINTIFF'S earned bonus from telemarketing sales in

February of 2003.


WHEREFORE, PLAINTIFF PRAYS:

- C) For back pay, re-instatement, monetary damages and other equitable
  relief in which this court may deem necessary or appropriate.

- D) For a trial by jury.


### Count 4

PLAINTIFF herby incorporates and re-alleges paragraph 1-11 of COUNT 1 of this

complaint as paragraphs 1-11 of this COUNT 4 of this complaint.


12. PLAINTIFF was further discriminated against by Defendants short changing

PLAINTIFF in the number of hours PLAINTIFF worked in approximately March and

April of 2003, and refusing to correct said hours, despite PLAINTIFF'S requests to do so.


WHEREFORE, PLAINTIFF PRAYS:

- A) For back pay, re-instatement, monetary damages and other equitable relief in
  which this court may deem necessary or appropriate.

- B) For a trial by jury.

5

Respectfully Submitted,

*Burnell Dixon*

Burnell Dixon II, PRO SE

P.O Box 2625, Station A,

Champaign, Illinois 61825-2625

(or)

507 Crystal Lake Drive, #4

Urbana, Illinois 61825-1728

217-367-2825

6

EEOC Form 161 (10/96)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT A

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Burnell Dixon, II
     **507 Crystal Lake Drive, #4**
     **Urbana, IL 61802**

From: Jackson Area Office
      Equal Employment Opportunity Commission
      100 W. Capitol Street, Suite 207
      Jackson, MS 39269

[  ]  *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-00813 | Myrtle M. Addison, Senior Investigator | (601) 965-5621 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the
Commission

Benjamin Bradley, Area Director                    11/30/04

Enclosure(s)                                                        *(Date Mailed)*

cc:   Americall Group, Inc.                  Americall Group, Inc.
      George Kestler, President & CEO        Lynette Lingard, Director of Human Resources
      550 East Diehl Road                    1100 Corporate Square Drive - 2nd Floor
      Napierville, IL 60563                  St. Louis, MO 63132