E-FILED
Monday, 18 April, 2005  02:46:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BURNELL DIXON II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-CV-2049 ) |
| AMERICALL GROUP, INC., | ) ) ) |
| Defendant. | ) |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE AND DISMISS**

Defendant, AMERICALL GROUP, INC., by its attorney, Glenn A. Stanko of Rawles, O'Byrne, Stanko & Kepley, P.C., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Counts 1-4 of plaintiff's complaint for failure to state a claim upon which relief can be granted.  In the alternative, defendant moves to strike paragraph 10 of Count 1 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and to dismiss the remaining counts pursuant to Rule 12(b)(6).  In support of its motion, defendant states as follows:

1. Plaintiff's four count complaint alleges claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) and the Age Discrimination in Employment Act (29 U.S.C. §621 *et seq.*).

2. Count 1 of plaintiff's complaint has 11 paragraphs.  Counts 2-4 of plaintiff's complaint incorporate those same 11 paragraphs, and then each count adds a paragraph 12, which varies from count to count.

3. Paragraph 1 of each count of plaintiff's complaint alleges that plaintiff filed a timely charge of race, sex, and age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against defendant.

4. A copy of the charge filed by plaintiff with EEOC is attached hereto as Exhibit A.

5. The charge of discrimination filed by plaintiff with EEOC alleges race, sex, and age discrimination arising out of a demotion that allegedly took place on or about April 17, 2003.

6. Count 1 of the complaint seeks relief relating to an alleged constructive discharge in May 2003. Count 2 seeks additional relief relating to the compensation that plaintiff received for sick pay, vacation pay, and personal days after the alleged constructive discharge. Count 3 seeks relief relating to bonus pay allegedly earned in February 2003. Count 4 seeks relief relating to the number of work hours that plaintiff received in March and April 2003.

7. Plaintiff, who was formerly licensed to practice law in the State of Illinois over a period of almost 15 years (Exhibit B hereto), did not assert any discriminatory conduct involving constructive discharge, or involving disparities in pay, benefits, or hours, in the charge of discrimination that he filed with EEOC.

8. Plaintiff has failed to exhaust his administrative remedies with respect to any alleged constructive discharge, disparities in pay, disparities in benefits, and disparities in hours, by omitting any reference to such conduct in his charge of discrimination. Therefore, all counts of plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

9. If it should be determined that Count 1 seeks some form of relief relating to demotion, paragraph 10 of Count 1, which alleges a constructive discharge, should be stricken under Rule 12(f) as immaterial and impertinent because of plaintiff's failure to include constructive discharge in his charge of discrimination. In addition, Counts 2-4 should be dismissed because paragraphs 1-11 are merely duplicative of paragraphs 1-11 of Count 1, and paragraph 12 of each of those counts seeks relief beyond the scope of plaintiff's EEOC charge.

10. Defendant's memorandum of law in support of its motion to dismiss or, in the alternative, to strike and dismiss, is being filed contemporaneous with this motion.

WHEREFORE, for the reasons stated above and in the supporting memorandum, defendant, AMERICALL GROUP, INC., prays that counts 1-4 of plaintiff's complaint be dismissed.  In the alternative, defendant prays that paragraph 10 of Count 1 be stricken and that Counts 2-4 be dismissed.

AMERICALL GROUP, INC., Defendant

By:  Rawles, O'Byrne, Stanko & Kepley, P.C.
     Its Attorneys

By:__s/ Glenn A. Stanko_____
    Glenn A. Stanko (Bar Number: 2703122)
    Attorney for Plaintiff
    Rawles, O'Byrne, Stanko & Kepley, P.C.
    501 West Church Street
    P.O. Box 800
    Champaign, IL   61824-0800
    Telephone:  217-352-7661
    Facsimile:  217-352-2169
    E-mail:  gastanko@rosklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

[None]

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Burnell Dixon II
P.O. Box 2625, Station A
Champaign, IL  61825-2625
Telephone:  (217) 367-2825

   s/ Glenn A. Stanko
Glenn A. Stanko (Bar No. 2703122)
Attorney for Plaintiff
Rawles, O'Byrne, Stanko & Kepley, P.C.
501 West Church Street
P.O. Box 800
Champaign, IL   61824-0800
Telephone: (217) 352-7661
Facsimile:  (217) 352-2169
E-mail: gastanko@rosklaw.com