E-FILED
Monday, 18 April, 2005  03:00:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BURNELL DIXON II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-CV-2049 |
| ) | |
| AMERICALL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE AND DISMISS**

Defendant, AMERICALL GROUP, INC., by its attorney, Glenn A. Stanko of Rawles, O'Byrne, Stanko & Kepley, P.C., pursuant to CDIL-LR 7.1(B), hereby submits its memorandum of law in support of its motion to dismiss or, in the alternative, to strike and dismiss.

## INTRODUCTION

Plaintiff's four count complaint alleges race, sex, and age discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) and the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §621 *et seq.*). Count 1 of plaintiff's complaint includes 11 paragraphs. Counts 2-4 incorporate those same eleven paragraphs, and then each of those counts adds a different paragraph 12. All counts ask for back pay, reinstatement, and monetary damages.

In paragraph 1 of all counts, plaintiff alleges that he filed a timely charge of race, sex, and age discrimination with the Equal Employment Opportunity Commission ("EEOC") that satisfied the requirements of 42 U.S.C. §2000e-5. Plaintiff did not attach a copy of the charge to his complaint, but defendant has attached a copy as Exhibit A to its motion to dismiss.

Defendant may properly place the charge of discrimination before the court without causing its Rule 12(b)(6) motion to be treated as one for summary judgment. If documents are referred to in the plaintiff's complaint and are central to his claim, those documents are considered part of the pleadings when attached to a motion to dismiss. *Venture Associates Corporation v. Zenith Data Systems Corporation,* 987 F.2d 429, 431 (7th Cir. 1993). The attached documents do not turn the motion to dismiss for failure to state a claim into one for summary judgment. *Venture Associates*,

987 F.2d at 432. Furthermore, a district court may take judicial notice of matters of public record without converting a motion under Rule 12(b)(6) into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

The charge of discrimination that plaintiff filed with EEOC is very limited. In his charge, plaintiff asserted a discriminatory demotion on or about April 17, 2003. No other alleged discriminatory conduct is contained in the charge. The charge asserted that the discriminatory demotion was based on race, sex, and age.

Plaintiff's complaint goes far beyond his charge of discrimination. As in his charge, he claims race, sex, and age discrimination. However, plaintiff's complaint seeks relief for an alleged constructive discharge in May 2003 (Count 1), alleged disparities in compensation that he received for sick pay, vacation pay, and personal days after the constructive discharge (Count 2), disparities in bonus pay allegedly earned in February 2003 (Count 3), and disparities in the number of work hours that plaintiff received in March and April 2003 (Count 4). None of the assertions relating to constructive discharge or relating to disparities in pay, benefits, and hours appear in plaintiff's charge of discrimination.

## ARGUMENT

Filing an EEOC charge is a prerequisite to filing suit under Title VII. *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1003 (7th Cir. 1994). A plaintiff generally may not bring claims under Title VII that were not included in the original EEOC charge. *Harper v. Godfrey Company*, 45 F.3d 143, 147-148 (7th Cir. 1995). The purpose behind the rule is to give EEOC and the employer an opportunity to settle the dispute, and also to give the employer notice of the charges against it. *Harper*, 45 F.3d at 148; *Gawley v. Indiana University*, 276 F.3d 301, 313-314 (7th Cir. 2001). The test of whether a claim falls within the scope of the EEOC charge is (1) whether the claim is "like or reasonably related to" the EEOC charge; and (2) whether the claim could reasonably develop from the EEOC investigation of the charge. *Harper*, 45 F.3d at 148; *Cheek v. Peabody Coal Company*, 97 F.3d 200, 202 (7th Cir. 1996). At a minimum, the EEOC charge and

the complaint must describe the same conduct and implicate the same individuals. *Gawley,* 276 F.3d at 313; *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 481 (7th Cir. 1996).

A charge also has to be filed with EEOC before suit may be filed under the ADEA. 29 U.S.C. §626(d). In suits involving ADEA claims, the scope of the charge is also scrutinized using the "like or reasonably related to" test. *See Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988); *Noreuil v. Peabody Coal Co.,* 96 F.3d 254, 258 (7th Cir. 1996).

In *Harper*, the plaintiffs brought claims relating to an alleged discriminatory seniority list and an alleged discriminatory layoff. However, the plaintiffs' charges only mentioned the layoff, and the Seventh Circuit found that the seniority list was not reasonably related to the layoff claim. 43 F.3d at 148. The EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Id.*

In *Cheek,* the plaintiff's charge alleged sexual discrimination on the basis that male employees had been treated differently when it came to sickness and accident benefits. However, her complaint also included allegations of sex discrimination relating to training, job placement, and resulting compensation. In addition, plaintiff attempted to advance a theory of hostile environment sexual harassment in opposing a summary judgment motion. The sexual harassment and disparate treatment claims relating to training, job placement, and the resulting compensation were rejected as unrelated to the allegations of the EEOC charge. 97 F.3d at 202-203. The court noted that the claims relating to sexual harassment and to terms of training, job placement, and compensation involved different conduct or circumstances and different participants. 97 F.3d at 202-203.

In *Gawley*, various claims of retaliation advanced by plaintiff in her complaint were rejected because her allegations involved different persons and different conduct from that asserted in the EEOC charge. 276 F.3d at 313-314. Those acts were unrelated to the single allegation of retaliation filed by the plaintiff with EEOC.

An examination of each of the four counts discloses that plaintiff is attempting to assert discriminatory conduct that exceeds the scope of his charge. The claims asserted in those counts

include conduct that is not explicitly incorporated in the charge.  Furthermore, the claims are not "like or reasonably related to" the conduct alleged in the charge.  They allege different conduct.

Looking at Count 1 first, it is difficult to decipher what the conduct is for which plaintiff seeks relief.  Plaintiff alleges a demotion in paragraphs 8 and 9, but the demotion allegation appears to merely be preliminary to a constructive discharge allegation made in paragraph 10.  Nothing in Count 1 throws any light on what supposedly caused the constructive discharge.  Paragraph 11 then alleges that plaintiff was treated disparately from the "Acting Managers" referred to in paragraph 8 and asserts disparate treatment discrimination based on race, sex, and age.  However, paragraph 11 does not specifically identify the allegedly discriminatory conduct, referring to neither the demotion nor the constructive discharge.  Finally, in his prayer for relief, plaintiff asks for reinstatement and back pay.  Reinstatement, of course, would only be applicable to a discharge.  Back pay also generally arises in the context of a discharge, and there is nothing in either Count 1 or in the charge of discrimination suggesting that plaintiff lost any compensation as a result of his alleged demotion.

All in all, Count 1 seems to be seeking relief based on an alleged constructive discharge and not on any demotion.  Plaintiff's charge of discrimination did not mention discharge at all.  Furthermore, the date of the alleged demotion (April 17) is different than the date of the alleged constructive discharge (May 2003).  The constructive discharge is unrelated to the demotion alleged in the charge.

Count 2 confirms that Count 1 is seeking relief for the alleged constructive discharge by explicitly building on the constructive discharge claim.  After incorporating the 11 paragraphs from Count 1, paragraph 12 of Count 2 alleges that plaintiff suffered discrimination "by not being adequately compensated for his accumulated sick pay, vacation pay and personal days due to PLAINTIFF upon PLAINTIFF'S **constructive discharge** from employment with DEFENDANT in May of 2003."  (emphasis added)  As before, allegations of constructive discharge are unrelated to anything in the charge.  Furthermore, allegations of discriminatory compensation received for benefits after plaintiff's alleged constructive discharge go far beyond any discriminatory conduct asserted in plaintiff's charge of discrimination.

4

Paragraph 12 of Count 3 alleges that defendant discriminated against plaintiff by not adequately compensating him for a certain type of bonus pay by "changing the bonus pay plan in the middle of the pay period in violation of state law, and unlawfully withholding PLAINTIFF'S earned bonus from telemarketing sales in February of 2003."  Again, these allegations go far beyond anything in plaintiff's charge of discrimination.  The events precede the events alleged in the charge by two months.

Finally, paragraph 12 of Count 4 accuses defendant of short changing plaintiff in the number of work hours that he received in March and April of 2003.  Once again, nothing in the charge of discrimination mentions any alleged discriminatory conduct relating to the number of work hours that plaintiff received.

In comparing the claims asserted in plaintiff's complaint with the allegations made in plaintiff's charge of discrimination, it should be kept in mind that plaintiff's charge was not one submitted by a layperson.  Plaintiff was a licensed attorney in the State of Illinois for almost 15 years.  As discussed above, this court may take judicial notice of matters of public record in considering a Rule 12(b)(6) motion to dismiss.  Attached to defendant's motion to dismiss as Exhibit B is a printout of an online record of the Attorney's Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC").  The ARDC record shows that plaintiff was admitted to practice on May 1, 1981, and was suspended from practice on March 26, 1996.

All counts of the complaint exceed the scope of the charge of discrimination that plaintiff filed with EEOC, and the conduct that they allege is unrelated to the charge.  By failing to include allegedly discriminatory acts in his charge of discrimination, plaintiff has failed to exhaust his administrative remedies as to those acts.  The complaint should be dismissed for failure to state a claim upon which relief can be granted.

If the court were to conclude that plaintiff is somehow seeking relief for his demotion in Count 1, the paragraph alleging constructive discharge (paragraph 10) should be stricken as immaterial and impertinent under Rule 12(f).  Constructive discharge was not included in plaintiff's charge of discrimination.  At the same time, the other counts should still be dismissed.  Paragraph

12 contained in each of Counts 2, 3, and 4 far exceeds the scope of the charge of discrimination. Beyond paragraph 12, Counts 2-4 are the same as Count 1, and they should be dismissed as duplicative of Count 1. One set of facts producing one injury creates one claim for relief no matter how many laws the deeds violate. *NAACP v. American Family Mut. Ins*., 978 F.2d 287, 293 (7th Cir. 1992); *Krawczyk v. Re*, 37 F.Supp.2d 1106, 1109 (N.D.Ill., 1999) [one ADA count stricken as redundant of another ADA count]; *see Dahlin v. Jenner & Block, LLC*., 2001 WL 855419, *9, 2001 U.S. Dist. Lexis 16730, p. 12 (N.D. Ill. 2001) [dismissing one count as duplicative of another].

## CONCLUSION

All counts of plaintiff's complaint seek relief for conduct that is unrelated to the charge of discrimination filed with EEOC by plaintiff. Plaintiff has therefore failed to exhaust his administrative remedies with respect to any alleged discriminatory conduct not included in his charge of discrimination, and the complaint should be dismissed for failure to state a claim upon which relief can be granted. In any event, the allegation of constructive discharge in paragraph 10 of Count 1 should be stricken because it is beyond the scope of the charge of discrimination. Counts 2-4 must also fall because paragraph 12 of each of those counts exceeds the scope of the charge of discrimination, and the remainder of those counts is duplicative of Count 1.

AMERICALL GROUP, INC., Defendant

By: Rawles, O'Byrne, Stanko & Kepley, P.C.
    Its Attorneys

By:__s/ Glenn A. Stanko_____
    Glenn A. Stanko (Bar Number: 2703122)
    Attorney for Plaintiff
    Rawles, O'Byrne, Stanko & Kepley, P.C.
    501 West Church Street
    P.O. Box 800
    Champaign, IL   61824-0800
    Telephone:  217-352-7661
    Facsimile:  217-352-2169
    E-mail:  gastanko@rosklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

[None]

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Burnell Dixon II
P.O. Box 2625, Station A
Champaign, IL  61825-2625
Telephone:  (217) 367-2825

                                                              s/ Glenn A. Stanko
Glenn A. Stanko (Bar No. 2703122)
Attorney for Plaintiff
Rawles, O'Byrne, Stanko & Kepley, P.C.
501 West Church Street
P.O. Box 800
Champaign, IL   61824-0800
Telephone: (217) 352-7661
Facsimile:  (217) 352-2169
E-mail: gastanko@rosklaw.com