IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

BURNELL DIXON II )
Plaintiff )
)
vs. . )   05-CV-2049
)
AMERICALL GROUP, INC )
)
Defendant )

FILED
MAY 1 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

MEMORANDUM OF LAW IN SUPPORT OF DENIAL OF

DEFENDANTS MOTION TO DISMISS

It has been continually held that pro se pleadings in civil rights cases are held to less stringent matters than formal pleadings drafted by lawyers, Johnson v. Host Enterprise, Inc. 470 F. Supp. 381 ( ED Pa, 1979). Plaintiff's complaint states an adequate claim for relief and the court must accept factual allegations as true, Pickrel v. Springfield, 45 F.3d 1115, 1118(7th Cir. 1995).

In addition, the court must also draw all reasonable inferences in plaintiff's favor and "defendant cannot ..... attempt to refute the complaint or to present a different set of allegations", Sanner v Chicago Bd. of Trade 62 F.$3^{2d}$ 918,925 (7th Cir.1995)   Also in Bowman v. City of Franklin, it was held that well pleaded factual allegations .and reasonable inferences must be accepted as true. 980 F.$2^d$ 1104, 1107(7th Cir.) cert. denied, 508 U.S. 940(1992).

1

In Defendant's memorandum, they are attempting to change the scope of Plaintiff's complaint by focusing on the words "constructive discharge". Plaintiff acknowledges that he did not allege constructive discharge in his EEOC complaint, but used this wording as a recognized term of law. For defendants to draw an inference that constructive discharge is plaintiff's legal theory is akin to Defendant presenting to the court a different set of allegations (from the ones presented in Plaintiff's case), Sanner v Chicago Board of Trade, 62 F.3$^d$ 918,925. 7th Cir.) cert. denied, 508 U.S. 940(1992).

Defendant's memorandum and brief has alleged that Plaintiff has alleged discriminatory conduct that exceeds the scope of his discrimination charge with the EEOC. Plaintiff strongly disagrees with this theory. In Cheek v. Western Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) it was held that " All Title VII set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge growing out of the allegations", Also see Jenkins vs. Blue Cross Mutual Hosp. Ins., 583 F. 2d, 164.167 (7th Cir.1976)(en banc), Courtney Danner v. Phillips Petroleum Co. 447 F.2d 159,162 (5th Cir. 1971), cert denied 429 U.S. 986, 97 S.CT. 506 (1976).

Plaintiff has sufficiently stated a claim under federal law. Plaintiff has alleged facts in which a defendant has notice of has sufficient information as to reply to the charges.

In Tolle v Touche, 977 F.21 1129.1134(7th Cir. 1992) it was held that a "complaint sufficiently states a claim even if it points to the wrong theory, as long as relief is possible under any set of facts that could be consistent with the allegations . In this matter Plaintiff has met his burden and Defendant cannot refute this

.Regardless, a Plaintiff is usually given leave to amend a complaint instead of the Court granting a motion to dismiss, Maxey v. Thompson 680F.2ND 524(7th Cir. 1982).

Wherefore, Plaintiff Burnell Dixon II respectfully requests this Honorable Court to deny Defendants motion to dismiss or strike, and allow him leave to amend his complaint, a copy of such MOTION TO AMEND COMPLAINT is attached.

Respectfully submitted,

*Burnell Dixon* (signature)

Burnell Dixon II, PRO SE

P.O.Box 2625, Station A

Champaign, IL, 61825-2625

3

I, Burnell Dixon II, state under oath that I mailed a copy of my "Motion to Dismiss and Motion for Leave to Amend Complaint" to Glenn Stanko Esq. c/o Rawles. O'Byrne, Stanko, and Kepley, P.C., c/o 501 W. Church, P.O. Box 800, Champaign, IL 61824-0800 with postage prepaid at the Urbana Post Office on Broadway in Urbana, Illinois on May 12, 2005 at 2 pm.

*[signature]*
Burnell Dixon II, pro se
PO Box 2625, Station A
Champaign, IL 61825

217-367-2825