UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DISTRICT

FILED
JUN - 1 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | | |
|---|---|---|
| BURNELL DIXON II,<br>Plaintiff | ) ) ) ) | |
| v. | ) ) ) | 05 CV 2049 |
| AMERICALL GROUP, INC<br>(An Illinois corporation),<br>Defendant | ) ) ) ) ) | DEMAND FOR JURY TRIAL,<br>EQUITABLE RELIEF |

## AMENDED COMPLAINT

NOW COMES THE PLAINTIFF, BURNELL DIXON II (hereinafter referred to as "PLAINTIFF") and brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec.2000e -2000e-17 and the Age Discrimination Act of 1967, as amended, 29 U.S.C. sec. 621 -634.

Count 1

1. Within 300 days of the unlawful employment practices hereinafter set forth, PLAINTIFF filed a charge of race and sex discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") against DEFENDANT AMERICALL GROUP, INC.(hereinafter referred to as "DEFENDANT") satisfying the requirements of 42 USC sec 2000e-5, and on November

1

30, 2004, less than 90 days prior to the filing of this Complaint, the EEOC issued to PLAINTIFF a Notice of a Right to Sue with respect to PLAINTIFF'S charges as set forth below. (See Exhibit A).

2. PLAINTIF is a 49 year old Black Male who all relevant times and is still currently a citizen of the United States, and a resident of Urbana, Illinois. PLAINTIFF had been employed by DEFENDANT at their Champaign offices from September of 2002 to May of 2003, which at the time in question was located at 115 N. Neil in Champaign, Illinois.

3. DEFENDANT AMERICALL GROUP, INC. is an Illinois corporation licensed to do business in the State of Illinois with offices located at 103 Country Fair Drive, Champaign Illinois, having moved from 115 N. Neil, Champaign in approximately May of 2003. DEFENDANT is an "employee" under the meaning of TITLE VII of the Civil Rights Act, as amended, and DEFENDANT has had more than 50 employees at all relevant times.

4. In September of 2002, PLAINTIFF was hired by Defendant as a Telemarketing Representative.

5. In November of 2002, PLAINTIFF was promoted to Acting Manager for the day shift.

2

6. In February of 2003, PLAINTIFF was assigned to attend a training class for a permanent Manager position.

7. PLAINTIFF successfully completed said training class with a perfect test score and completed a 30 day probation period after the training class without incident.

8. On or about April 17, 2004, PLAINTIFF was demoted back to a telemarketing representative, forcing PLAINTIFF to work alongside employees previously under his supervision causing Plaintiff great humiliation and angst, while at least two non black Acting Day Shift Managers, one White male and one Hispanic female who participated in the training class were not demoted.

9. DEFENDANT would not explain or talk to PLAINTIFF about his demotion or the reasons for such.

10. PLAINTIFF was constructively discharged in May of 2003 and filed a charge with the EEOC.

11. DEFENDANT intentionally discriminated against PLAINTIFF because of PLAINTIFF'S race and sex by treating PLAINTIFF disparately from the other Acting Managers because of PLAINTIFF'S race and sex by demoting PLAINTIFF from his supervisory position, by causing PLAINTIFF to work

alongside his subordinates and keeping a less qualified White male and a less qualified Hispanic female as Acting Managers and by failing to take affirmative action to correct their unlawful employment practices .

12. DEFENDANT further discriminated against PLAINTIFF because of his race and sex by failing to adequately compensate PLAINTIFF for his accumulated sick pay, vacation pay, vacation pay and personal days due to PLAINTIFF upon PLAINTIFF'S constructive discharge from employment with DEFENDANT in May of 2003.

.    WHEREFORE, PLAINTIFF PRAYS:

A) For back pay, reinstatement, monetary damages and other equitable relief in which this court may deem necessary or appropriate.

B) For a trial by jury jury.

Count 2

1. Within 300 days of the unlawful employment practices hereinafter set forth, PLAINTIFF filed a charge of age discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") against DEFENDANT AMERICALL GROUP, INC.(hereinafter referred to as "DEFENDANT") satisfying the requirements of, 29 U.S.C. sec.621-634, and on November 30, 2004, less than 90 days prior to the filing of this Complaint, the EEOC

4

issued to PLAINTIFF a Notice of a Right to Sue with respect to PLAINTIFF'S charges as set forth below. (See Exhibit A).

2. PLAINTIFF is a 49 year old Black Male who all relevant times and is still currently a citizen of the United States, and a resident of Urbana, Illinois. PLAINTIFF had been employed by DEFENDANT at their Champaign offices from September, 2002 to May of 2003, which at the time in question was located at 115 N. Neil in Champaign, Illinois

3. DEFENDANT AMERICALL GROUP, INC. is an Illinois corporation licensed to do business in the State of Illinois with offices located at 103 Country Fair Drive, Champaign, Illinois, having moved from 115 N. Neil, Champaign in approximately May of 2003. DEFENDANT is an "employee" under the meaning of TITLE VII of the Civil Rights Act, as amended, and DEFENDANT has had more than 50 employees at all relevant times.

4. In September of 2002, PLAINTIFF was hired by Defendant as a Telemarketing Representative.

5. In November of 2002, PLAINTIFF was promoted to Acting Manager for the day shift.

6. In February of 2003, PLAINTIFF was assigned to attend a training class for a permanent Manager position.

7. PLAINTIFF successfully completed said training class with a perfect test score and completed a 30 day probation period after the training class without incident.

8. On or about April 17.2004, PLAINTIFF was demoted back to a telemarketing representative, forcing PLAINTIFF to work alongside employees previously under his supervision, causing PLAINTIFF great humiliation and angst while at least two non black Acting Day Shift Managers under 40 years of age who participated in the training class were not demoted.

9. DEFENDANT would not explain or talk to PLAINTIFF about his demotion or the reasons for such.

10. PLAINTIFF was constructively discharged in May of 2003 and filed a charge with the EEOC.

11. DEFENDANT intentionally discriminated against PLAINTIFF because of PLAINTIFF'S age by treating PLAINTIFF disparately from the other Acting Managers under the age of 40 by demoting PLAINTIFF form his supervisory position, causing PLAINTIFF to work alongside his subordinates and keeping

younger less qualified employees as acting managers and failing to take affirmative action to correct their unlawful employment practices.

12. DEFENDANT further discriminated against PLAINTIFF because of his age by failing to adequately compensate PLAINTIFF for his accumulated sick pay, vacation pay and personal days due to PLAINTIFF upon PLAINTIFF'S constructive discharge from employment with DEFENDANT in May of 2003.

WHEREFORE, PLAINTIFF PRAYS:

a. For back pay, reinstatement, monetary damages and other equitable relief in which this court may deem necessary or appropriate.
b. For a trial by jury.

Respectfully Submitted,

*Burnell Dixon II*
Burnell Dixon II, PRO SE

P.O Box 2625, Station A

Champaign, Illinois 61825-2625

217-367-2825

EXHIBIT A

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Burnell Dixon, II  
507 Crystal Lake Drive, #4  
Urbana, IL 61802

From: Jackson Area Office  
Equal Employment Opportunity Commission  
100 W. Capitol Street, Suite 207  
Jackson, MS 39269

[ ] *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-00813 | Myrtle M. Addison, Senior Investigator | (601) 965-5621 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Benjamin Bradley, Area Director     11/30/04  
*(Date Mailed)*

Enclosure(s)

cc: Americall Group, Inc.  
George Kestler, President & CEO  
550 East Diehl Road  
Napierville, IL 60563

Americall Group, Inc.  
Lynette Lingard, Director of Human Resources  
1100 Corporate Square Drive - 2nd Floor  
St. Louis, MO 63132

## CERTIFICATE OF MAILING

I, Burnell Dixon II, state under oath that I mailed a copy of my "Amended Complaint" to Glenn Stanko, Esq., c/o Rawles, O'Byrne, Stanko, and Kepley, P.C. 501 W. Church Street, P.O. Box 800, Champaign, IL 61824-0800 with postage prepaid in Urbana, Illinois on June 1, 2005 at 3PM.

*Burnell Dixon*
Burnell Dixon II, pro se
P.O. Box 2625, Station A
Champaign, IL 61825-2625
217-367-2825