E-FILED
Tuesday, 21 June, 2005  10:14:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BURNELL DIXON II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-CV-2049 |
| AMERICALL GROUP, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE**

Defendant, AMERICALL GROUP, INC., by its attorney, Glenn A. Stanko of Rawles, O'Byrne, Stanko & Kepley, P.C., pursuant to CDIL-LR 7.1(B), hereby submits its memorandum of law in support of its motion to strike.

**INTRODUCTION**

Count 1 of plaintiff's amended complaint alleges race and sex discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*). Count 2 of plaintiff's amended complaint alleges age discrimination under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §621 *et seq.*).

In paragraph 1 of both counts, plaintiff alleges that he filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that satisfied the requirements of law. Plaintiff did not attach a copy of the charge to his complaint, but defendant has attached a copy as Exhibit A to its motion to strike.

Defendant may properly place the charge of discrimination before the court at this stage. In the analogous situation involving a Rule 12(b)(6) motion to dismiss, documents are considered part of the pleadings when attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim. *Venture Associates Corporation v. Zenith Data Systems Corporation,* 987 F.2d 429, 431 (7th Cir. 1993). The attached documents do not turn the motion to dismiss for failure to state a claim into one for summary judgment. *Venture Associates*, 987 F.2d at 432. Furthermore, a district court may take judicial notice of matters of public record

without converting a motion under Rule 12(b)(6) into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

The charge of discrimination that plaintiff filed with EEOC is very limited. In his charge, plaintiff asserted a discriminatory demotion on or about April 17, 2003. No other alleged discriminatory conduct is contained in the charge. The charge asserted that the discriminatory demotion was based on race, sex, and age.

Plaintiff's amended complaint goes far beyond his charge of discrimination. As in his charge, he claims race, sex, and age discrimination. However, both counts of plaintiff's amended complaint seek relief for an alleged constructive discharge in May 2003 (Paragraphs 10 and 12), as well as alleged discriminatory disparities in sick pay, vacation pay, and personal days upon plaintiff's constructive discharge. (Paragraph 12) None of the assertions relating to constructive discharge or disparities in sick pay, vacation pay, and personal days appears in plaintiff's charge of discrimination.

These same problems were present in plaintiff's original complaint, and defendant raised them in its Motion to Dismiss or, in the Alternative, to Strike and Dismiss. Plaintiff responded by requesting and obtaining leave to file an amended complaint. In his amended complaint, plaintiff has made it apparent that he is asserting race, sex, and age discrimination relating to an alleged discriminatory demotion, and he has dropped allegations relating to bonus pay and work hours that were in Counts 3 and 4 of his original complaint. However, although Counts 1 and 2 of the amended complaint now separately assert plaintiff's Title VII claim and his ADEA claim, they are still fraught with the same problems as before. They both seek relief based on an alleged constructive discharge and based on alleged discriminatory disparities in compensation that plaintiff received for sick pay, vacation pay, and personal days after his constructive discharge.

## ARGUMENT

Filing an EEOC charge is a prerequisite to filing suit under Title VII. *Chambers v. American Trans Air, Inc*., 17 F.3d 998, 1003 (7th Cir. 1994). A plaintiff generally may not bring claims under Title VII that were not included in the original EEOC charge. *Harper v. Godfrey*

2

*Company*, 45 F.3d 143, 147-148 (7th Cir. 1995).  The purpose behind the rule is to give EEOC and the employer an opportunity to settle the dispute, and also to give the employer notice of the charges against it.  *Harper*, 45 F.3d at 148; *Gawley v. Indiana University*, 276 F.3d 301, 313-314 (7th Cir. 2001).  The test of whether a claim falls within the scope of the EEOC charge is (1) whether the claim is "like or reasonably related to" the EEOC charge;  and (2) whether the claim could reasonably develop from the EEOC investigation of the charge.  *Harper*, 45 F.3d at 148; *Cheek v. Peabody Coal Company*, 97 F.3d 200, 202 (7th Cir. 1996).  At a minimum, the EEOC charge and the complaint must describe the same conduct and implicate the same individuals.  *Gawley,* 276 F.3d at 313; *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 481 (7th Cir. 1996).

      A charge also has to be filed with EEOC before suit may be filed under the ADEA.  29 U.S.C. §626(d).  In suits involving ADEA claims, the scope of the charge is also scrutinized using the "like or reasonably related to" test.  *See Steffen v. Meridian Life Ins. Co*., 859 F.2d 534, 544 (7th Cir. 1988); *Noreuil v. Peabody Coal Co.,* 96 F.3d 254, 258 (7th Cir. 1996).

      In *Harper*, the plaintiffs brought claims relating to an alleged discriminatory seniority list and an alleged discriminatory layoff.  However, the plaintiffs' charges only mentioned the layoff, and the Seventh Circuit found that the seniority list was not reasonably related to the layoff claim.  45 F.3d at 148.  The EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.  *Id.*

      In *Cheek,* the plaintiff's charge alleged sexual discrimination on the basis that male employees had been treated differently when it came to sickness and accident benefits.  However, her complaint also included allegations of sex discrimination relating to training, job placement, and resulting compensation.  In addition, plaintiff attempted to advance a theory of hostile environment sexual harassment in opposing a summary judgment motion.  The sexual harassment and disparate treatment claims relating to training, job placement, and the resulting compensation were rejected as unrelated to the allegations of the EEOC charge.  97 F.3d at 202-203.  The court noted that the claims relating to sexual harassment and to terms of training, job placement, and compensation involved different conduct or circumstances and different participants.  97 F.3d at 202-203.

In *Gawley*, various claims of retaliation advanced by plaintiff in her complaint were rejected because her allegations involved different persons and different conduct from that asserted in the EEOC charge. 276 F.3d at 313-314. Those acts were unrelated to the single allegation of retaliation filed by the plaintiff with EEOC.

It is clear that plaintiff is seeking relief in his amended complaint for an alleged constructive discharge in May of 2003, and for alleged discrimination involving his sick pay, vacation pay, and personal days arising out of the alleged constructive discharge. In paragraph 10 of both counts, plaintiff alleges that he was constructively discharged in May of 2003. In paragraph 12 of both counts, plaintiff alleges discrimination arising from defendant's alleged failure to adequately compensate him for his accumulated sick pay, vacation pay, and personal days upon his constructive discharge. Finally, in his prayers for relief, plaintiff seeks reinstatement, which would only be relevant to a discharge situation.

The charge of discrimination is limited to demotion. It does not mention discharge at all. In fact, the date of the alleged demotion in the charge (April 17, 2003) is different than the date of the alleged constructive discharge in the amended complaint (May 2003). The charge also does not say anything about discrimination in sick pay, vacation pay, or personal days. Therefore, the EEOC charge and the amended complaint do not describe the same conduct or implicate the same individuals. As a result, the claim asserted in the amended complaint is not "like or reasonably related to" plaintiff's EEOC charge.

In comparing the claims asserted in plaintiff's complaint with the allegations made in plaintiff's charge of discrimination, it should be kept in mind that plaintiff's charge was not one submitted by a layperson. Plaintiff was a licensed attorney in the State of Illinois for almost 15 years. As discussed above, this court may take judicial notice of matters of public record at this stage. Attached to defendant's motion to strike as Exhibit B is a printout of an online record of the Attorney's Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). The ARDC record shows that plaintiff was admitted to practice on May 1, 1981, and was suspended from practice on March 26, 1996.

Both counts of the amended complaint exceed the scope of the charge of discrimination that plaintiff filed with EEOC, and, to the extent that they go beyond the alleged discriminatory demotion, the conduct that they allege is unrelated to the charge. By failing to include allegedly discriminatory acts in his charge of discrimination relating to constructive discharge, sick pay, vacation pay, and personal days, plaintiff has failed to exhaust his administrative remedies as to those acts.

Defendant recognizes that motions to strike under Rule 12(f) are generally disfavored and will be denied unless language in the pleading has no relation to the controversy and is unduly prejudicial. *Circuit Systems, Inc. v. Mescalero Sales, Inc*., 925 F.Supp. 546, 548 (N.D.Ill. 1996). However, motions to strike are useful and appropriate where parties disagree only on the legal implications to be drawn from uncontroverted facts or where questions of law are involved. *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co*., 245 F.Supp. 889, 891 (D.C.Ill. 1965). Motions to strike have been granted in cases involving employment discrimination claims. *See, e.g., Mills v. Fox,* 421 F.Supp. 519 (E.D.N.Y. 1976) [clause requesting punitive damages struck from complaint where punitive damages were not authorized under Title VII at that time]; *Mitchell v. Bendix Corp*., 603 F.Supp. 920 (D.C.Ind. 1985) [paragraph alleging results of unemployment hearing struck because unreviewed determinations of state administrative agencies had no preclusive effect in federal Title VII action]; *Wiggins v. Philip Morris, Inc*., 853 F.Supp. 457 (D.D.C. 1994) [unrelated allegations of former supervisor's alleged drug use struck]; *Kounitz v. Slaatten*, 901 F.Supp. 650 (S.D.N.Y. 1995) [unrelated allegations of supervisor's alleged abuses and obscenities struck].

As reflected by the cases discussed above, the question of whether the complaint exceeds the scope of the EEOC charge is one that has been treated as a question of law. It is merely an exercise requiring comparison of the complaint with the charge. In this case, it is easy to see that the allegations in the amended complaint relating to constructive discharge, sick pay, vacation pay, and personal days, go far beyond the scope of the charge. Defendant will be substantially prejudiced if those allegations are not struck at an early stage because it will be faced with

responding to discovery requests on issues that plaintiff has no right to litigate. The question of whether plaintiff is seeking to litigate matters not asserted in his charge of discrimination is a matter best resolved at the outset of the litigation.

## CONCLUSION

Plaintiff has failed to exhaust his administrative remedies as to discriminatory conduct alleged in his amended complaint which was not included in his EEOC charge. Consequently, plaintiff may not seek relief for those matters that exceed the scope of his charge. The determination of whether plaintiff's amended complaint exceeds the scope of his EEOC charge is particularly well suited for resolution on a motion to strike because it is a question of law resolved by comparing the complaint with the charge. The motion to strike should be granted because defendant will be prejudiced if it is required to submit to discovery relating to issues that go beyond the scope of plaintiff's EEOC charge.

Plaintiff's allegation in paragraph 10 of Counts 1 and 2 of his amended complaint that he was constructively discharged in May 2003 should be struck. Paragraph 12 of Counts 1 and 2, which allege discrimination relating to compensation for sick pay, vacation pay, and personal days upon plaintiff's constructive discharge should be struck in its entirety. Finally, plaintiff's request for reinstatement in his prayers for relief contained in Counts 1 and 2 should be struck.

AMERICALL GROUP, INC., Defendant

By: Rawles, O'Byrne, Stanko & Kepley, P.C.
    Its Attorneys

By:  s/ Glenn A. Stanko_____
    Glenn A. Stanko (Bar Number: 2703122)
    Attorney for Plaintiff
    Rawles, O'Byrne, Stanko & Kepley, P.C.
    501 West Church Street
    P.O. Box 800
    Champaign, IL  61824-0800
    Telephone:  217-352-7661
    Facsimile:  217-352-2169
    E-mail:  gastanko@rosklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

[None]

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Burnell Dixon II
P.O. Box 2625, Station A
Champaign, IL  61825-2625
Telephone:  (217) 367-2825

                              ___s/ Glenn A. Stanko_____
                              Glenn A. Stanko (Bar No. 2703122)
                              Attorney for Plaintiff
                              Rawles, O'Byrne, Stanko & Kepley, P.C.
                              501 West Church Street
                              P.O. Box 800
                              Champaign, IL   61824-0800
                              Telephone: (217) 352-7661
                              Facsimile:  (217) 352-2169
                              E-mail: gastanko@rosklaw.com