E-FILED
Wednesday, 20 July, 2005  11:29:24 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT
FOR THE CENTRAL DISTICT OF ILLINOIS

URBANA DIVISION

| | | |
|---|---|---|
| BURNELL DIXON | ) | |
|   Plaintiff | ) | |
| | ) | 05 CV 2049 |
|   vs. | ) | |
| | ) | |
| | ) | |
| AMERICALL GROUP,INC. | ) | |
|   Defendant | ) | |

MEMORANDUM TO DENY DEFENDANT'S MOTION TO STRIKE

    NOW COMES THE PLAINTIFF, BURNELL DIXON II, pro se, and moves this Honorable Court to deny DEFENDANT'S MOTION TO STRIKE.  In support thereof, PLAINTIFF submits the following memorandum of law.

    Respectfully submitted,

    s/ Burnell Dixon II
    Burnell Dixon II, pro se
    PO Box 2625, Station A
    Champaign, IL 61825
    217-367-2825 (phone)
    dixonii1@insightbb.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | | |
|---|---|---|
| BURNELL DIXON II | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | 05-CV-2049 |
| | ) | |
| AMERICALL GROUP, INC | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DENY MOTION TO STRIKE

Now comes the Plaintiff Burnell Dixon II, PRO SE, and files this memorandum of law on support of his motion to deny Defendants motion to strike under CDIL-LR 7.1 (B) 2.

INTRODUCTION

Defendant acknowledges in his Motion to Strike filed on June 21, 2005 that Plaintiff has filed a timely charge of discrimination based upon Title VII of the Civil Rights Act of 1964 42 U.S.C. Sec. 2000e et seq.) and under the Age Discrimination in Employment Act ( 29 U.S.C. Sec 621 et seq.)

2

In paragraph 2 of Defendant's memorandum of law, Defendant falsely alleges that Plaintiff has failed to allege a copy of his EEOC charge to his complaint and that in paragraph 5 of the introduction, Defendant asserts that Plaintiff's discrimination complaint goes beyond his EEOC charge and has filed a motion to strike portions of Plaintiff 's complaint.

ARGUMENT

Plaintiff's complaint states an adequate claim for relief and the court must accept factual allegations as true, Pickrel v. Springfield 45 F.3d 1115, 1118. (7th Cir. 1995). It is an established known axiom of law that motions to strike are disfavored. Lirtzman v. Spiegal, Inc. 493 F. Supp 1029 (ND ILL). Matters cannot be stricken where in consideration with the entire pleading, it has relevancy or possible relevancy to it, Los Angeles Ry. Co. v. Railroad Commission of California, 29 F.2d 140, aff'd 280 US 145, 74l Ed 234, 50 S. Ct 71. A motion to strike is usually employed only to strike offending matter from a pleading. , Chicago Pneumatic Tool Co. v. Zieglar, 40 F. Supp416, rev'd on other grounds 151 F2d 784. Pleadings are also to be construed liberally, and if a pleading can possibly raise an issue, under some possible contingency, the motion to strike will be denied.(See Ross v. True Temper Corp., 14 Fed Rules Ser157).

Plaintiff's complaint does not contain offensive or redundant materials, and has some relevancy. Plaintiff's complaint states an actionable cause of action, and must be construed in a light most favorable to Plaintiff.

As a general rule, a Title VII plaintiff may not bring claims in a lawsuit that were not included in his EEOC charge, Harper v. Godfrey Co., 45 F.3d 143, 147-148 (7th Cir.

1995); Cheek v. Western & S. Life Ins. Co., 31 F.3d 497,500 (7th Cir. 1994). This rule serves two purposes: (1) it affords the EEOC the opportunity to settle the dispute between

3

the employee and the employer, and (2) it puts the employer on notice on the charges against it. See Harper, 45 F.2d at 148 (citing Rush v McDonalds's Corp., 966 F.2d 1104, 1110 ( 7TH Cir.1992)).

To include a claim in a federal district court complaint that was not brought in the EEOC charge, plaintiff must pass a two part test: (1) the claim in the plaintiff's complaint must be "like or reasonably related" to the allegations in the EEOC charge, and (2) the claim in the plaintiff's complaint must be reasonably expected to grow out of an EEOC investigation of the EEOC charges. Harper, 31 F.3d at 148; Cheek, 31 F.3d at 500-501.

Plaintiff's claim of race and sex discrimination clears this first hurdle, as his EEOC charge describes conduct involving race, sex, and age discrimination for a wrongful demotion. By subjecting Plaintiff to said demotion without enunciating any plausible bona fide occupational qualification, and wrongfully failing to pay Plaintiff his vacation , sick , and personal days, Plaintiff's complaint is reasonably related to his EEOC complaint and is likely to have to have expected to grow out of an EEOC investigation of his charge. charge.

Defendants claim that Plaintiff's did not use the words "constructive discharge" in his EEOC charge, and the words "constructive discharge" puts forth a new or different charge of discrimination. There are two things wrongs with this claim. First, Plaintiff did not specifically allege constructive discharge, his EEOC charge complaint stated that he was demoted without just cause and forced to resign. A reasonable person would, upon review of the Plaintiff's complaint; see the nexus between the Plaintiffs demotion and subsequent resignation. In fact, Plaintiff's letter of resignation to Defendant and the administrative decision awarding Plaintiff unemployment benefits from Defendant indicate such. Defendant is attempting to change the scope of Plaintiff's complaint by focusing on the words "constructive discharge". For Defendant's to draw an inference that constructive discharge is Plaintiff's legal theory is akin to the Defendant presenting to the

court a different set of allegations from the ones presented in Plaintiff's complaint. (See Sanner v. Chicago Board of Trade, 62 F. 3d 918,925  7th Cir. 1995) cert denied 1995. This the Defendant cannot do.

   Second, Plaintiff's assertion that he was forced to resign from Defendant's employment (constructive discharge) would have been borne out by an EEOC investigation of his claim.  It was Defendant who repeatedly ignored requests for information by the EEOC regarding Plaintiff's complaint and, responded to said requests at the last minute in order to avoid a default by the EEOC.   Plaintiff's complaint describes the same conduct and implicates the same individuals.  "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations," McKenzie v. Ill Dept. of Transportation, 92 F.3d 473,481(quoting Jenkins v. Blue Cross Mut. Hosp. Ins.,Inc., 538 F.2nd 164,167(7th Cir. 1996).   This Plaintiff has done.

CONCLUSION

   A complaint must be reasonably related to an EEOC charge, and that the claim in Plaintiff's complaint must be reasonably expected to grow out of an EEOC investigation of the EEOC charges.

   Defendant alleges that Plaintiff has attempted to advance new theories from the one stated in his EEOC complaint, specifically constructive discharge and failure to pay Plaintiff his vacation, sick and personal days upon his termination of employment from Defendant.

   Plaintiff denies said assertion in that Plaintiff has stated in his complaint that he was discriminated against on the basis of race, sex, and age.  Plaintiff has not attempted to

advance the theory of constructive discharge, his theory is race, sex, and age discrimination, of which the demotion of Plaintiff (constructive discharge), his humiliation and angst at being forced working side by side with his former subordinates, his resignation letter that states discrimination on the basis of race, sex and age ; and the failure of Defendant to forward to Plaintiff his due amounts of vacation, sick and personal days are like or reasonably related to his charge of discrimination filed with the EEOC and could have reasonably been expected to grow out of the allegations of the EEOC charge.

   Plaintiff also denies that Defendant's failure to pay Plaintiff his accumulated vacation, sick and personal days is not related to his EEOC charge. Again, it is reasonably related to his to his EEOC charge in that Defendant committed further acts of discrimination that are reasonably related to his EEOC charge, and that Plaintiff's complaint may have been reasonably expected to grow out of an EEOC charge and describes the same conduct and the same individuals.

   It is clear from Plaintiffs complaint that he has described how he has been discriminated against by the actions of Defendant and Plaintiff's description in his complaint of his forced resignation i.e. constructive discharge and Defendant's withholding of monies rightfully owed Plaintiff are reasonably related to his charge of discrimination filed with the EEOC. The court should accept Plaintiff's factual allegations as true.

   A motion to strike is usually disfavored by the courts, and if Plaintiff's complaint has some relevancy and is not offensive and redundant, the motion to strike should be denied.

   In conclusion, for the above mentioned reasons, Plaintiff Burnell Dixon II , Pro se, respectfully request this honorable court to deny Defendant's MOTION TO STRIKE.

                                                                           Respectfully Submitted,

s/   Burnell Dixon  II

Burnell Dixon II, Pro se

PO Box 2625, Station A

Champaign, IL  61825

217-367-2825(phone)

dixonii1@insightbb.com

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2005, I electronically filed the following MEMORANDUM OF LAW TO DENY MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Glenn Stanko, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: (none).

s/ Burnell Dixon II
Burnell Dixon II, Pro se
PO Box 2625, Station A
Champaign, IL 61825
217-367-2825 (phone)
dixonii1@insightbb.com