UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **BURNELL DIXON, II** ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 05-2049** |
| **AMERICALL GROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

# O R D E R

In June 2005, Plaintiff, Burnell Dixon II, acting *pro se*, filed an Amended Complaint (#20) against Defendant Americall Group, Inc., alleging violations of Title VII of the Civil Rights Act (42 U.S.C. § 2000e) (hereinafter "Title VII") and the Age Discrimination Act of 1967 (29 U.S.C. § 621-34) (hereinafter "ADEA"). Federal jurisdiction is based on federal question (28 U.S.C. § 1331). The parties have consented to the exercise of jurisdiction by United States Magistrate Judge David Bernthal.

In June 2005, Defendant filed a Motion To Strike (#23). After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendant's Motion To Strike **(#23)**.

## I. Background

The following background is taken from the complaint. Plaintiff began working for Defendant in September 2002 as a telemarketing representative. In November 2002, Defendant promoted Plaintiff to acting manager of the day shift. In February 2003, Plaintiff was assigned to attend training for a permanent manager position, which he completed. He also completed a thirty-day probation period without incident. In April 2003[1], Plaintiff was removed from his interim manager position and returned to his previous position as a telemarketing representative. Plaintiff alleges that Defendant discriminated against him based on his age, sex, and race when it demoted him to telemarketing representative. He also alleges that at least two employees (a

---

[1] Plaintiff's complaint listed this date as April 2004. The Court assumes this was a typographical error based on the date of April 2003 listed in the EEOC charge, which was dated November 2003.

Caucasian male and a Hispanic female) who also participated in the training were not returned to their previous positions. Plaintiff alleges that he was constructively discharged in May 2003.

Plaintiff's charge of discrimination, filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"), states the following:

> I was employed by Respondent on September 30, 2002 as a Telemarketing Representative. In November 2002 I was promoted to Acting Manager for the day shift. In February, 2003, I was one of three Acting Managers, when Respondent assigned us to attend a training class for a permanent Manager position. After taking the management training class, passing the exam, and serving the 30-day probationary period, on or about April 17, 2003, Respondent demoted me to a telemarketing representative. The two other non-Black, under 40 Acting Managers were not demoted.
>
> I believe I have been discriminated against because of my race, Black and my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended and because of my age, 47, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(#23, Ex. A.)

Count I of Plaintiff's complaint alleges a violation of Title VII and Count II alleges a violation of the ADEA. Plaintiff seeks back pay, reinstatement, monetary damages, and other equitable relief.

## II. Standard of Review

The Court may order stricken from any pleading material that is redundant, immaterial, impertinent, or scandalous. FED. R. CIV. P. 12(f). Motions to strike are not favored. *See* 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1990). However, motions to strike "provide a useful and appropriate tool where the parties disagree only on the legal implications to be drawn from uncontroverted facts, or where questions of law are involved." *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.,* 245 F. Supp 889, 891 (D.C. Ill. 1965). For example, a motion to strike can be used to winnow a plaintiff's Title VII claims down to those contained in his right-to-sue letter. *Conner v. Ill. Dep't of Natural Resources*, No. 04-2933, 2005 WL 1540248, at *2 (7th Cir. Jul. 1, 2005) (upholding the striking

of pleadings not included in the plaintiff's EEOC charge and not contained in the right-to-sue letter).

### III. Discussion

Defendant argues that the Court should strike Plaintiff's allegations involving constructive discharge from the complaint because Plaintiff failed to mention the termination of his employment in his EEOC charge.

Filing a charge with the EEOC is a prerequisite to filing a Title VII suit in federal court. *Chambers v. Am. Trans Air, Inc.*, 17 F. 3d 998, 1003 (7th Cir. 1994). "The purpose of this requirement is to afford the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion, and also to give the employer some notice of the conduct of which the employee is aggrieved." *Gawley v. Ind. Univ.,* 276 F.3d 301, 313-14 (7th Cir. 2001). The plaintiff is not required to plead specific elements of a legal theory in his EEOC charge, however, some detail is necessary to allow the EEOC to perform its statutory duty. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992). Generally, a plaintiff may not bring charges that were not included in his EEOC charge. *Harper v. Godfrey Co.,* 45 F.3d 143, 147-49 (7th Cir. 1995). In determining whether an allegation in a complaint falls within the scope of an EEOC charge, "[t]he court looks at whether they are like or reasonably related to those contained in the EEOC [charge]. If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.,* 97 F.3d 200, 202 (7th Cir. 1996).

In response, Plaintiff argues that his complaints of race and sex discrimination are reasonably related to his constructive discharge. However, Plaintiff mischaracterizes his EEOC charge in his argument. He contends that his EEOC charge stated that "he was demoted without just cause and forced to resign." (#29, p.4.) The Court has reviewed the charge language, and

nowhere in that charge is Plaintiff's termination mentioned, even though he filed the charge in November 2003, about six months after his employment with Defendant ended.

The Seventh Circuit has held that when a plaintiff's EEOC charge alleges discrimination, but does not state that his decision to stop working is based on that discrimination, the charge does not support a constructive discharge claim. *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 n.2 (7th Cir. 2004). Several other circuit courts have also concluded that when employees allege discrimination without referring to termination of employment in the EEOC charge, they cannot bring a constructive discharge claim later. *Roxas v. Presentation Coll.*, 90 F.3d 310, 318 n.5 (8th Cir. 1996) (holding that constructive discharge not like or reasonably related to denial of sabbatical raised in EEOC charge); *Albano v. Schering-Plough Corp.,* 912 F.2d 384, 385 (9th Cir. 1990) (citing *Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir. 1981) (holding that "a constructive discharge is not like or reasonably related to a charge of discrimination in promotion")); *Paris v. Sw. Bell Tel. Co.,* 94 Fed. Appx. 810, 816 (10th Cir. 2004) (holding that constructive discharge is not reasonably related to failure-to-promote claim).

Courts have determined that a claim of discrimination in an EEOC charge may support a constructive discharge claim in a suit only when, through the course of its investigation, the EEOC has included the charge in its reasonable cause determination and conciliation proceedings. *E.E.O.C. v. Delight Wholesale Co.,* 973 F.2d 664, 668-69 (8th Cir. 1992). However, in the instant case, Plaintiff has not alleged that the EEOC made such a finding or that Plaintiff's purported constructive discharge was part of any administrative conciliation proceeding.

Although a plaintiff need not draft an EEOC charge to legal standards, he should explain how he was harmed, even if an EEOC investigation might have discovered the infraction. In *Geldon v. South Milwaukee School District,* the court held that a plaintiff's EEOC charge of discrimination in the course of seeking specific employment did not allow her to sue for discrimination based on the refusal of her application for a different position with same defendant. *Geldon v. S. Milwaukee Sch. Dist.,* No. 04-2886, 2005 WL 1631122, at *2 (7th Cir.

Jul. 13, 2005). The court reasoned that even if the second act of discrimination might have been found in the course of the investigation, it could not be included in the complaint because the EEOC and the defendant had only been put on notice regarding the first incident. *Id.* The court also pointed out that a defendant would not have to do much to broaden the scope of the charge. *Id.* For example, if the plaintiff had simply said that she had been discriminated against in her application for "these positions," she would have stated enough. *Id.* Here, as in *Geldon,* Plaintiff did not put the EEOC or his employer on notice concerning his purported constructive discharge because he did not mention it in even the vaguest terms in his charge.

The issue in this case is not whether Plaintiff experienced a constructive discharge, but whether his EEOC charge includes that claim. Plaintiff's EEOC charge does not state that he experienced a constructive discharge or even that his employment had terminated. Thus, Plaintiff's claims relating to constructive discharge are beyond the scope of the EEOC charge and the Court grants Defendant's motion to strike.

### IV. Conclusion

For the reasons set forth above, this Court **GRANTS** Defendant's Motion To Strike **(#23)**.

ENTER this 5th day of August, 2005

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE