E-FILED
Wednesday, 12 October, 2005  11:38:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BURNELL DIXON II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-CV-2049 |
| | ) | |
| AMERICALL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND DEMAND FOR JURY TRIAL**

Defendant, AMERICALL GROUP, INC., by its attorney, Glenn A. Stanko of Rawles,

O'Byrne, Stanko & Kepley, P.C., for its answer to plaintiff's third amended complaint, states as

follows:

<u>COUNT 1</u>

1.      Within 300 days of the unlawful employment practices hereinafter set forth, Plaintiff

filed a charge of race and sex discrimination with the United States Equal Employment Opportunity

Commission (hereinafter referred to as "EEOC") against Defendant Americall Group, Inc.

(hereinafter referred to as "Defendant") satisfying the requirements of 42 USC sec 2000e-5, and on

November 30, 2004, less than 90 days prior to the filing of this Complaint, the EEOC issued to

Plaintiff a Notice of Right to Sue with respect to Plaintiff's charges as set forth below.  (See Exhibit

A).

**Answer:**

Admits that plaintiff filed a charge of race and sex discrimination with the United States

Equal Employment Opportunity Commission ("EEOC") against defendant.  Admits that on

November 30, 2004, EEOC issued its notice of right to sue to plaintiff, a copy of which is attached

to the third amended complaint as Exhibit A.  Denies the remaining allegations of paragraph 1.

2.      Plaintiff is a 49 year old Black Male who all relevant times and is still currently a

citizen of the United States, and a resident of Urbana, Illinois.  Plaintiff had been employed by

Defendant at their Champaign offices from September of 2002 to May of 2003, which at the time in question was located at 115 N. Neil, Champaign, Illinois.

**Answer:**

Admits the allegations of paragraph 2.

3.      Defendant Americall Group, Inc. is an Illinois corporation licensed to do business in the State of Illinois with offices located at 103 Country Fair Drive, Champaign, Illinois, having moved from 115 N. Neil, Champaign in approximately May of 2003.  Defendant is an "employee" under the meaning of Title VII of the Civil Rights Act, as amended, and Defendant has had more than 50 employees at all relevant times.

**Answer:**

Denies that defendant is an Illinois corporation.  Denies that defendant is currently an "employee" within the meaning of Title VII, but admits that plaintiff was an "employee" of defendant within the meaning of Title VII at the time of the alleged events.  Admits the remaining allegations of paragraph 3.

4.      In September of 2002, Plaintiff was hired by Defendant as a Telemarketing Representative.

**Answer:**

Admits that plaintiff was hired by defendant in September 2002.  Denies that defendant was hired as a "Telemarketing Representative."  States that defendant was hired as a "Telephone Service Representative."

5.      In November of 2002, Plaintiff was promoted to Acting Manager for the day shift.

**Answer:**

Denies the allegations of paragraph 5.

6.      In February of 2003, Plaintiff was assigned to attend a training class for a permanent Manager position.

**Answer:**

Denies the allegations of paragraph 6.

7.      Plaintiff successfully completed said training class with a perfect test score and completed a 30 day probation period after the training class without incident.

**Answer:**

Denies the allegations of paragraph 7.

8.      On or about April 17, 2003, Plaintiff was demoted back to a telemarketing representative, forcing Plaintiff to work alongside employees previously under his supervision causing Plaintiff great humiliation and angst, while at least two non black Acting Day Shift Managers, one white male and one Hispanic female who participated in the training class were not demoted.

**Answer:**

Denies the allegations of paragraph 8.

9.      Defendant would not explain or talk to Plaintiff about his demotion or the reasons for such.

**Answer:**

Denies the allegations of paragraph 9.

10.      Plaintiff resigned in May of 2003 and filed a charge with the EEOC.

**Answer:**

Admits the allegations of paragraph 10.

11.      Defendant discriminated against Plaintiff because of Plaintiff's race and sex by treating Plaintiff disparately from the other Acting Managers because of Plaintiff's race and sex by demoting Plaintiff from his supervisory position, by causing Plaintiff to work alongside his subordinates and keeping a less qualified White male and a less qualified Hispanic female as Acting Managers and by failing to take affirmative action to correct their unlawful employment practices.

**Answer:**

Denies the allegations of paragraph 11.

WHEREFORE, defendant, AMERICALL GROUP, INC., prays for judgment in its favor and against plaintiff, BURNELL DIXON II, on Count 1 of plaintiff's third amended complaint, and for its costs of suit.

COUNT 2

1.    Within 300 days of the unlawful employment practices hereinafter set forth, Plaintiff filed a charge of age discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") against Defendant Americall Group, Inc. (hereinafter referred to as "Defendant") satisfying the requirements of 29 U.S.C. sec 621-634, and on November 30, 2004, less than 90 days prior to the filing of this Complaint, the EEOC issued to Plaintiff a Notice of Right to Sue with respect to Plaintiff's charges as set forth below.  (See Exhibit A.)

**Answer:**

Admits that plaintiff filed a charge of age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against defendant.  Admits that on November 30, 2004, EEOC issued its notice of right to sue to plaintiff, a copy of which is attached to the third amended complaint as Exhibit A.  Denies the remaining allegations of paragraph 1.

2.    Plaintiff is a 49 year old Black Male who all relevant times and is still currently a citizen of the United States, and a resident of Urbana, Illinois.  Plaintiff had been employed by Defendant at their Champaign offices from September of 2002 to May of 2003, which at the time in question was located at 115 N. Neil, Champaign, Illinois.

**Answer:**

Admits the allegations of paragraph 2.

3.    Defendant Americall Group, Inc. is an Illinois corporation licensed to do business in the State of Illinois with offices located at 103 Country Fair Drive, Champaign, Illinois, having moved from 115 N. Neil, Champaign in approximately May of 2003.  Defendant is an "employee" under the meaning of Title VII of the Civil Rights Act, as amended, and Defendant has had more than 50 employees at all relevant times.

4

**Answer:**

Denies that defendant is an Illinois corporation.  Denies that defendant is currently an "employee" within the meaning of Title VII, but admits that plaintiff was an "employee" of defendant within the meaning of Title VII at the time of the alleged events.  Admits the remaining allegations of paragraph 3.

4.     In September of 2002, Plaintiff was hired by Defendant as a Telemarketing Representative.

**Answer:**

Admits that plaintiff was hired by defendant in September 2002.  Denies that defendant was hired as a "Telemarketing Representative."  States that defendant was hired as a "Telephone Service Representative."

5.     In November of 2002, Plaintiff was promoted to Acting Manager for the day shift.

**Answer:**

Denies the allegations of paragraph 5.

6.     In February of 2003, Plaintiff was assigned to attend a training class for a permanent Manager position.

**Answer:**

Denies the allegations of paragraph 6.

7.     Plaintiff successfully completed said training class with a perfect test score and completed a 30 day probation period after the training class without incident.

**Answer:**

Denies the allegations of paragraph 7.

8.     On or about April 17, 2003, Plaintiff was demoted back to a telemarketing representative, forcing Plaintiff to work alongside employees previously under his supervision causing Plaintiff great humiliation and angst, while at least two non black Acting Day Shift Managers under 40 years of age who participated in the training class were not demoted.

**Answer:**

Denies the allegations of paragraph 8.

9.      Defendant would not explain or talk to Plaintiff about his demotion or the reasons for such.

**Answer:**

Denies the allegations of paragraph 9.

10.      Plaintiff resigned in May of 2003 and filed a charge with the EEOC.

**Answer:**

Admits the allegations of paragraph 10.

11.      Defendant discriminated against Plaintiff because of Plaintiff's age by treating Plaintiff disparately from the other Acting Managers under the age of 40 by demoting Plaintiff from his supervisory position, causing Plaintiff to work alongside his subordinates and keeping younger less qualified employees as acting managers and failing to take affirmative action to correct their unlawful employment practices.

**Answer:**

Denies the allegations of paragraph 11.

WHEREFORE, defendant, AMERICALL GROUP, INC., prays for judgment in its favor and against plaintiff, BURNELL DIXON II, on Count 2 of plaintiff's third amended complaint, and for its costs of suit.

AMERICALL GROUP, INC., Defendant

By:  Rawles, O'Byrne, Stanko & Kepley, P.C.
        Its Attorneys

By:___s/ Glenn A. Stanko_____
        Glenn A. Stanko (Bar Number: 2703122)
        Attorney for Plaintiff
        Rawles, O'Byrne, Stanko & Kepley, P.C.
        501 West Church Street
        P.O. Box 800
        Champaign, IL   61824-0800
        Telephone:  217-352-7661
        Facsimile:  217-352-2169
        E-mail:  gastanko@rosklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2005, I presented the foregoing to the Clerk of the

Court for filing and uploading to the CM/ECF system, which will send notification of such filing to

the following:

Burnell Dixon II
P.O. Box 2625, Station A
Champaign, IL  61825-2625
Telephone:  (217) 367-2825

_____s/ Glenn A. Stanko_____
Glenn A. Stanko (Bar No. 2703122)
Attorney for Plaintiff
Rawles, O'Byrne, Stanko & Kepley, P.C.
501 West Church Street
P.O. Box 800
Champaign, IL   61824-0800
Telephone: (217) 352-7661
Facsimile:  (217) 352-2169
E-mail: gastanko@rosklaw.com