UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BURNELL DIXON II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-CV-2049 |
| | ) |
| AMERICALL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of the parties, the court hereby enters the following protective order relating to documents and information requested by plaintiff during the course of discovery:

1.      For purposes of this order, "personnel information" shall include any documents or information relating to hiring, promotion, compensation, benefits, performance, discipline, layoff, demotion, termination, or any other matter pertaining to the employment relationship between defendant and any of its present or former employees.

2.      For purposes of this order, "financial information" shall include any documents or information of a financial nature, including, but not limited to, income, earnings, sales, profits, pricing, expenses, costs, losses, assets, and liabilities.

3.      For purposes of this order, "confidential information" shall include any documents or information relating to defendant's policies and procedures, meetings of defendant's boards or committees, or internal communications between defendant's officers, directors, and/or employees.

4.  Defendant shall respond to plaintiff's discovery requests which seek personnel information, financial information, or confidential information, and which fall within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5.  Plaintiff shall not advise any person who is not a party to this litigation of the receipt of personnel information relating to that person.

6.  Plaintiff shall not disclose personnel information to any person who is not a party to this litigation. In addition, plaintiff shall not disclose financial information or confidential information relating to defendant to any person who is not a party to this litigation. Disclosure may be made to any expert witness who needs it in order to formulate opinions as long as any such witness is informed of this protective order and agrees to abide by the terms of this protective order.

7.  All documents and information provided or disclosed by defendant to plaintiff during the course of this litigation shall be used only for purposes of this litigation, including, but not limited to, any personnel information received by plaintiff relating to any person who is not a party to this litigation, and any financial information or confidential information received by plaintiff relating to defendant.

8.  Nothing in this protective order shall prohibit disclosure of the above-described information during any court related proceedings in this case, including, but not limited to, interrogatory answers, depositions of witnesses or parties, pleadings, motions, hearings, and trial.

9.  Any pleadings, motions, or other papers filed with the court containing any personnel information shall be modified or partially redacted to exclude personal data identifiers, consistent with the "Notice of Electronic Availability of Civil Case File Information" published by the United States District Court for the Central District of Illinois.

10. If plaintiff retains counsel, this protective order shall be binding on plaintiff's counsel and on the office personnel of plaintiff's counsel.

11. The court reserves the right to enforce this order through the imposition of appropriate sanctions or remedies.

ENTERED this _____ day of March, 2006.

_____
DAVID G. BERNTHAL, U.S. Magistrate Judge

Approved as to form:

  s/ Burnell Dixon II_____
Burnell Dixon II, Plaintiff


  s/ Glenn A. Stanko_____
Glenn A. Stanko, Attorney for Defendant